**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

RAMON EDUARDO PUENTES CHAVEZ,

     Petitioner,

v.

                                  Case No. 1:26-cv-01581-MIS-JMR

MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, Acting Attorney General of the United States; TODD LYONS, Acting Director, Immigration and Customs Enforcement, U.S. Department of Homeland Security; MARISA FLORES, El Paso Field Office Director, U.S. Immigration and Customs Enforcement; and GEORGE DEDOS, Warden of the Torrance County Detention Facility,

     Respondents.

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

**THIS MATTER** is before the Court on Petitioner Ramon Eduardo Puentes Chavez's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed May 17, 2026. Petitioner is a citizen of Mexico who entered the United States in August 2002 when he was five years old. Id. ¶¶ 44-45. He entered the United States as a passenger in a car driven by two adults, and was waived into the country by Customs and Border Protection Agents. Id. ¶ 45. He has lived in the United States ever since. Id.

On March 10, 2026, U.S. Immigration and Customs Enforcement ("ICE") officers detained Petitioner while he was driving in Portales, New Mexico, moved him to the Torrance County Detention Facility, and placed him in removal proceedings. Id. ¶¶ 46-47. He is charged with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) and has not been provided a bond hearing. Id. ¶¶ 48-50.

On May 17, 2026, Petitioner filed the instant Petition requesting a writ of habeas corpus requiring that Respondents immediately release him from ICE custody or, alternatively, provide a bond hearing pursuant to 8 U.S.C. § 1226(a).  Id. at 12.

On June 1, 2026, the Federal Respondents filed a Response to the Petition.[1]  ECF No. 5. Therein, counsel for Respondents acknowledges that the facts of this case are "substantially similar" to Duhan v. Noem, No. 2:26-cv-00019-MIS-JFR, 2026 WL 266619 (D.N.M. Feb. 2, 2026), and that "this Court's decision in Duhan v. Noem, would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention."  Id. at 2-3.  However, Respondents maintain that Petitioner is an applicant for admission seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b).  Id. at 2.

The Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief.  The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally Resp., ECF No. 5.

---

[1]    The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026).  ECF No. 2.  However, as has become customary in these cases, the Warden did not respond to the Petition.

The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order.

Therefore, it is **HEREBY ORDERED** that:

1.  The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2.  Respondents are **ORDERED** to immediately release Petitioner Ramon Eduardo Puentes Chavez from custody/detention;

3.  Respondents **SHALL** return all of Petitioner's personal belongings to Petitioner;

4.  Respondents **SHALL NOT** re-detain Petitioner—absent a final order of removal—without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk; and

5.  The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE